UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CAITLIN SECAMIGLIO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 20-305-DCR |
| ) | |
| V. ) | |
| ) | |
| NORMA HOPE BAKER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Caitlin Secamiglio has moved for entry of default against Defendant Norma Baker, pursuant to Rule 55.[1]  [Record No. 74]  Baker has responded to the motion, requesting additional time.  She indicates that she believed the parties were actively engaged in settlement negotiations while awaiting further orders of the Court, which is why she did not tender an Answer.  [Record No. 78]

Secamiglio's motion for entry of default will be denied because Baker has demonstrated the requisite good cause to set aside any such entry.  Baker will be provided with additional time to Answer or otherwise respond to the Amended Complaint.

**I.**

Secamiglio filed her initial Complaint naming Baker as a defendant on July 14, 2020. [Record No. 1]  After participating in a number of pre-responsive motions, Baker and her co-defendants moved to dismiss the Complaint on December 21, 2021.  [Record No. 45] The

---

[1] All references to "Baker" herein refer to Defendant Norma Hope Baker.  Now-dismissed Defendant Erica Baker will be referenced, if at all, by full name only.

- 1 -

motion was deemed moot on January 24, 2022, after Secamiglio filed an Amended Complaint. [Record No. 51] The undersigned ruled that the Amended Complaint was the operative pleading with respect to Secamiglio's claims and that it was effective as of January 18, 2022. [*Id.* ¶ 2] On January 25, 2022, the undersigned stayed this action pending further orders of the Court while the related criminal case was pending.[2] [Record No. 53]

Per the Court's Stay Order, the parties were directed to file a joint status report "within **ten (10) days** of any resolution of the related criminal case *United States v. Baker*, No. 5:22-cr-004, including by trial or plea agreement." [*Id.* at 4] The parties were informed that the filing should indicate whether they favored lifting the stay and if so, how they wished to proceed moving forward. But despite plea agreements being reached in the criminal case, the parties failed to submit the required status report. Thereafter, the undersigned entered a Show Cause Order on December 1, 2023, directing the parties to provide a status update as previously instructed. [Record No. 68]

The parties' joint response, which expressly grouped Baker among "the Parties", stated: "the Parties respectfully request that the Court set a deadline of January 8, 2024, to notify the Court of the settlements or, if negotiations unexpectedly fail, of the need for a status conference to discuss a scheduling order . . . ." [Record No. 69] In response, the undersigned lifted the stay on December 14, 2023, and directed the parties to notify the Court of their progress towards reaching a settlement agreement by January 8, 2024. [Record No. 70] This directive applied to all parties, not merely the subset named in the United States' Complaint-In-Intervention. And when the joint filing was submitted, it indicated that the government

---

[2] *See United States v. Baker*, No. 22-CR-004 (E.D. Ky. filed Jan. 13, 2022).

anticipated finalizing settlement agreements within fourteen days. Despite including both Secamiglio and Baker in the report, it provided no update regarding the status of the claims raised in Secamiglio's Amended Complaint. [*See* Record No. 71] As such, the filing failed to comply with the Court's Order.

The Court directed the parties to submit a proposed agreed order of dismissal, with prejudice, no later than February 16, 2024. [Record No. 73] On February 14, 2024, Secamiglio moved for an entry of default against Baker, pursuant to Rule 55(a), indicating that she intended to seek entry of a default judgment against Baker in the amount of $10,458,933.00. [Record No. 74, ¶ 31 n. 5] That motion was promptly followed by a Proposed Stipulation of Agreed Judgment submitted by all parties except Baker. [Record No. 76] The accompanying Proposed Agreed Judgment included the provision: "All claims in [Secamiglio's] Amended Complaint against the remaining Defendant, Norma Baker, remain pending." [Record No. 76-2, ¶ 6] Baker filed an opposition to the requested entry of default, to which Secamiglio replied. [Record Nos. 78, 79]

**II.**

Rule 55 of the Federal Rules of Civil Procedure identifies a two-step process by which a plaintiff can obtain a default judgment. *See* Fed. R. Civ. P. 55(a), (b). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Rule 55(a), Fed. R. Civ. P. (emphasis added). Assuming the conditions have been met, Rule 55(a) imposes a nondiscretionary duty on the Clerk of the Court to enter default. And while Rule 55(a) assigns this "ministerial step" to the Clerk, a district judge may also enter a default. *See*

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *Bruer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

A.

Rule 15(a)(3) of the Federal Rules of Civil Procedure requires a party to respond to an amended pleading within 14 days, unless the Court orders otherwise. In this instance, the Court entered no such order. Secamiglio's motion for entry of default correctly calculates the deadline for responding to the Amended Complaint as December 21, 2023. [*See* Record No. 74, ¶ 22.] Because Baker did not file a timely response and Secamiglio's motion complied with the requirements of Rule 55(a), the undersigned concludes that entry of default is indeed proper.

B.

The Sixth Circuit has not expressly resolved the question of whether a judge may deny an otherwise proper motion for entry of default by, for example, providing the defendant with additional time to respond. But the Sixth Circuit has insinuated that, at least in some instances, denial may be appropriate. *See Boles v. Saginaw Police Dep't*, 791 F.2d 931, 931 (6th Cir. 1986) (unpublished table decision) ("We find that the district court did not abuse its discretion in allowing defendants to respond after plaintiff's motion for entry of default."); *see also Doe v. Bd. of Educ. of Jefferson Cnty.*, No. 17-cv-063, 2017 WL 11722216, at *1 (W.D. Ky. Oct. 20, 2017) (collecting cases).

1.

The mandatory nature of Rule 55(a) is appropriate, given that the duty of entry is ministerial and assigned to the Clerk of the Court. If the rule were permissive, it would necessarily call for an act of judicial discretion. *See Johnson v. N.Y., New Haven & Hartford*

*R.R. Co.*, 344 U.S. 48, 54 n.3 (1952) ("And this [judicial] discretion must be exercised by the court, not by its clerk."); *Meriwether v. Garrett*, 102 U.S. (12 Otto) 472, 517 (distinguishing a judicial officer's authority to perform ministerial acts, with the judicial or discretionary authority possessed solely by the Court). Accordingly, while the undersigned agrees that Rule 55(a) is unambiguously nondiscretionary with respect to the Clerk's entry of default, it is less clear when the matter is before the Court.

**2.**

That the Court would also be bound by the dictate of Rule 55(a) is undermined by the Court's discretionary authority to, *sua sponte*, set aside an entry of default under Rule 55(c). *Compare* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, . . . ."), *with* Fed. R. Civ. P. 60(b) ("*On motion* and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." (emphasis added)). Longstanding principles of statutory construction direct courts "to avoid construing a statute in a way that would lead to absurd consequences." *Bostock v. Clayton County*, 590 U.S. 644, 789 n.4 (2020) (Kavanaugh, J., dissenting); *see* A. Scalia & B. Garner, *Reading Law*: *The Interpretation of Legal Texts* 235 (2012) ("What the rule of absurdity seeks to do is what all rules of interpretation seek to do: *make sense* of the text." (emphasis in original)). *But see Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 65–66 (2004) (Stevens, J., concurring) ("Common sense is often more reliable than rote repetition of canons of statutory construction."); *United States v. Phillips*, 54 F.4th 374, 394 (6th Cir. 2022) (Larsen, J., concurring in judgment) ("But the absurdity canon, if it ever applies, is for 'rare and exceptional circumstances' when the absurdity is 'so gross as to shock the general moral or common sense.'" (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930))); *Keeley v. Whitaker*,

910 F.3d 878, 885 (6th Cir. 2018) ("The canon against absurd results should not be used to create an ambiguity in the text of a statute where none exists . . . .").

Rule 55(a) is ambiguous with respect to the exercise of judicial discretion. A reading of Rule 55(a) that requires the Court to enter a default, only to immediately set it aside, *sua sponte*, under Rule 55(c) would defy common sense. The use of nondiscretionary language only makes sense because the task is being delegated to a nonjudicial officer. Absent any binding precedent to the contrary, the undersigned concludes that the Court may exercise its judicial discretion and deny a motion for entry of default where good cause has been shown and Rule 55(c) would otherwise apply. *See* Rules 55(a), (c), Fed. R. Civ. P.

### III.

Rule 55(c) permits a district court to "set aside an entry of default for good cause." *See Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020). District courts have great discretion under Rule 55(c), but they should generally be "extremely forgiving to the defaulted party" in recognition of a policy which favors "resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases). In analyzing whether good cause exists, the Court should determine whether: (1) culpable conduct of the defendant led to the default; (2) the plaintiff will be prejudiced by setting aside the default; and (3) the defendant has any meritorious defenses. *See Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (citation omitted); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). "[P]rejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations, . . . ." *U.S. Currency*, 595 F.3d at 324–25.

The first factor weighs against Baker. Her failure to respond to the Amended Complaint is not excused because she had a good faith belief Secamiglio would not seek default. Nor is it a compelling argument that the government's decision not to charge her criminally exonerated her in a civil suit brought by a private party. [Record No. 78, p. 2] The undersigned made clear that the Amended Complaint was operative as of January 18, 2022. [Record No. 51] Seven days from that date, January 25, 2022, the stay was entered. [Record No. 53] Upon lifting the stay on December 14, 2023, Baker had seven days to either request additional time or respond to the Amended Complaint. [*See* Record No. 70.] Counsel's belief that Baker would be absolved through settlement negotiations does not negate her obligation to adhere to the rules of civil practice.

The second factor favors Baker. Secamiglio argues that denying the motion for entry of default would prejudice her because she has already had to wait two and a half years to resolve her claim and should not have to wait longer for Baker to present "an unmeritorious defense," which was already due months ago. [Record No. 79] This argument is entirely uncompelling. While it does not excuse Baker's failure to answer the Amended Complaint, Secamiglio contributed to the delinquency. The Court has no doubt that the parties' mutual failure to contribute—as directed—to the December 2023, and January 2024, status reports unnecessarily drew this process out. [*See* Records Nos. 69, 71.]

The third factor also favors Baker. "In determining whether a defaulted defendant has a meritorious defense 'likelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc.*, 705 F.2d at 845 (quoting *Keegle v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). That minimal burden has been met. Baker alleges

she had no knowledge of the underlying criminal conduct, a contention she claims is supported by the government's decision not to charge her criminally. [Record No. 78] Secamiglio's assertion that the evidence proves otherwise is a question of fact to be decided by a jury.

Considering the "extremely forgiving" posture afforded to defaulted defendants and the general preference for "resolving cases on the merits instead of on the basis of procedural missteps," the undersigned finds that there would be sufficient good cause to set aside an entry of default, pursuant to Rule 55(c). *U.S. Currency*, 595 F.3d at 322.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Caitlin Secamiglio's motion for entry of default [Record No. 74] is **DENIED**.

2. Defendant Norma Baker may Answer or otherwise respond to the Amended Complaint **on or before Friday, March 8, 2024**. Late filings will not be considered.

Dated: February 27, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky